```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA                :
                                        :      MEMORANDUM
v.                                      :      OPINION AND ORDER
                                        :
DUANE KIRBY,                            :      18 CR 585-2 (VB)
                        Defendant.      :
--------------------------------------------------------------x
```

Now pending is defendant Duane Kirby's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

For the following reasons, the motion is GRANTED.

The background of this case is as follows. Defendant, who was a mid-level drug dealer in and around Middletown, New York, pleaded guilty to participating in a conspiracy to sell heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). He stipulated to distributing between 100 and 400 grams of heroin and to possessing a firearm in connection therewith. He also has several prior convictions, including a recent conviction for conspiracy to distribute heroin.

On October 11, 2019, after careful consideration of the nature and circumstances of the offense and the history and characteristics of the defendant, as well as all the 18 U.S.C. § 3553(a) factors, the Court sentenced defendant to sixty-three months' imprisonment and four years of supervised release. The sentence reflected a seven-month downward adjustment for the time defendant spent in state custody for an offense that involved "relevant conduct" to the instant federal offense, and was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence,

1

protect the public from further crimes of the defendant, and avoid unwarranted sentencing disparities among the various defendants in this case.[1]

Defendant has been detained since February 14, 2018.[2]  To date, he has served approximately twenty-nine months, or about forty-one percent, of the seventy-month sentence the Court would have imposed but for the seven-month downward adjustment.

Although the sentence in this case was fair and reasonable at the time it was imposed, under 18 U.S.C. § 3582(c)(1)(A), the Court is authorized, after considering the factors set forth in 18 U.S.C. § 3553(a), to reduce the sentence if "extraordinary and compelling reasons warrant such a reduction," and the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Taking into account both defendant's current medical condition and the risk of serious complications if he were to contract COVID-19 in prison, "extraordinary and compelling reasons" are present here.  On June 3, 2020, Dr. Geoffrey E. Hulse diagnosed defendant with sarcoidosis, a serious lung condition, with a differential diagnosis of lymphoma, a cancer.  (See Doc. #97 ("Abernethy Decl.") Ex A).  According to the Centers for Disease Control ("CDC"), this diagnosis puts defendant at an increased risk of serious complications from COVID-19 should he contract the virus.  See People at Increased Risk for Severe Illness, CTRS. FOR DISEASE CTRL. & PREVENTION https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 10, 2020).

---

[1]   The Court also sentenced defendant to twelve months' imprisonment for a violation of supervised release, to run concurrently with the sixty-three month prison sentence in the instant case.

[2]   Defendant has been in federal custody since September 7, 2018.

Moreover, the record reflects that defendant's condition has worsened in recent months. In November 2019, defendant complained of chest pain. (See Abernethy Decl. Ex. B). An X-ray taken the following month depicted a minimal "lower lobe infiltrate" in his right lung. (Id. Ex. D). Thereafter, defendant twice complained of shortness of breath. (Id. Ex. E). Following additional X-rays in April and May 2020, a radiology report dated May 1, 2020, indicated defendant's right lung remained unchanged and, accordingly, defendant was diagnosed with pneumonia. (Id. Ex. G). Another X-ray taken in May 2020 indicated infiltrates in defendant's left lung as well. (See id. Ex. H) ("There is a right perihilar infiltrate unchanged since the study of 05/01/20. There now appears to be a left perihilar infiltrate as well."). The May 1 radiology report was supported by a CT scan performed on May 18, 2020. (See id. Ex. J.) ("There is linear opacity at the lung apices. . . . There are small areas of ground-glass opacity at the lung apices. There is branching opacity involving the right middle lobe and right lower lobe along the segmental bronchi. . . . There is a calcified granuloma in the right upper lung."). The CT scan indicated defendant might be suffering from a "malignancy including lymphoma or sarcoidosis" (id.), which led to Dr. Hulse's diagnosis on June 3, 2020. Further, defendant's medical records and observations by his family indicate significant weight loss since his arrest in February 2018. (See id. Exs. A, K; see also Doc. #95 ("Ware Decl.") ¶ 5). Together, such recent developments in defendant's health indicate his heightened risk of serious complications from COVID-19, and thus constitute extraordinary and compelling reasons warranting a sentence reduction under Section 3582(c)(1)(A)(i).

Finally, as required by Section 3582(c)(1)(A), the Court has considered "the factors set forth in section 3553(a) to the extent that they are applicable." In light of defendant's serious medical condition and, importantly, the risks presented by COVID-19, the Court finds that

reducing defendant's sentence to time-served followed by supervised release with a condition of twenty-four months' home incarceration, would be sufficient but not greater than necessary to reflect the seriousness of defendant's offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. On balance, the risks to defendant's health if he were to remain in prison outweigh the Section 3553(a) factors that would be served by requiring defendant to remain there. Indeed, the lengthy period of home incarceration is itself a punishment, and it will materially reduce the risk that defendant will re-offend.

As an additional matter, the Court is persuaded that defendant will be entering a stable environment upon his release. As set forth in his submissions, defendant proposes to live with his sister Shaniqua Kirby and her son in their three-bedroom apartment in Middletown. (See Doc. #96 ("Kirby Decl.") ¶¶ 6–8). Defendant's mother, Elnora Ware, states that she will provide additional support along with defendant's other siblings and his aunt, Keva Davis, a registered nurse. (See Ware Decl. ¶¶ 20–24; Kirby Decl. ¶ 7). The Court approves this release plan.

This is a close call, especially given defendant's criminal history and the fact that he has served less than fifty percent of his sentence. Moreover, the irony of ordering a compassionate release for someone who showed no compassion for his neighbors and the community in which he lived by helping to introduce dangerous drugs into that community, is not lost on the Court. Defendant is advised that if he breaches the trust the Court has placed in him by failing to abide by any of the previously imposed conditions of supervised release or any of the additional conditions set forth below, the Court will not hesitate to return him to prison.

Accordingly, defendant Duane Kirby's motion for compassionate release is GRANTED, and his term of imprisonment is reduced to time served, followed by the four years of supervised release originally imposed in this case.

The Court ORDERS that defendant be released forthwith, on the following conditions, all of which are rationally related to the offense of conviction and the Section 3553(a) factors:

1. Defendant shall serve the first twenty-four months of supervised release on home incarceration at his sister Shaniqua Kirby's residence in Middletown, New York, during which defendant shall be subject to all conditions of supervised release set forth in the Judgment dated October 15, 2019, plus an additional special condition of home incarceration, to be enforced by GPS monitoring. The Probation Department is directed to provide the Court with a written update regarding defendant's health and his compliance with the conditions of supervised release after defendant's first twelve months of home incarceration, and, depending on that update, the Could may consider early termination of the home incarceration condition.

Installation of a GPS monitoring device shall occur immediately after the fourteen-day period of self-quarantine (described in item 2 below). During the period of home incarceration, the defendant must remain at his sister's residence except as necessary for medical treatment, which requires prior notice to, and approval by, the Probation Department, unless such medical treatment involves a true emergency.

2. In light of the COVID-19 pandemic, defendant shall, upon release from custody, self-quarantine at his sister Shaniqua Kirby's home for fourteen days, physically distancing himself from any other occupants.

3. Defendant shall possess or have access to a telephone that will allow for video conferencing with the Probation Department. This special condition shall remain in effect during

the entire period of supervised release, unless waived by defendant's Probation Officer or the Court.

4. Immediately upon his release from custody, defendant shall contact Supervisory U.S. Probation Officer Kevin Mulcahy (646-210-4075) to arrange for the installation of a GPS monitoring device.

Dated: July 10, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge